**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MOSES HATEGEKIMANA HITIMANA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4262

Agency No.
A212-760-228

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2025[**]
San Francisco, California

Before: FRIEDLAND and MENDOZA, Circuit Judges, and LASNIK, District Judge.[***]

Petitioner Moses Hitimana, a native and citizen of the Democratic Republic

of the Congo, was admitted to the United States as a lawful permanent resident in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2015 and was placed into removability proceedings following two criminal convictions. He seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming his removability and affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Conceding his removability and that he is ineligible for asylum or withholding of removal, Petitioner appeals only the rejection of his claim for deferral of removal under CAT. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence and review conclusions of law, including constitutional issues, de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. Petitioner contends that the immigration judge ("IJ") erroneously gave more weight to his father's live testimony than to his father's written declaration, which Petitioner filed through an emergency motion after the hearing. Substantial evidence supports the BIA's affirmance of the IJ's decision to discount Petitioner's father's late-filed declaration. The BIA noted that although Petitioner's father had required an interpreter's assistance to testify, the declaration was written in English, with no indication of translation. The BIA also appropriately reasoned that the substance of the declaration contradicted Petitioner's father's live testimony from the hearing, during which he had been "rational and responsive." Petitioner does not explain why the declaration was written in English, and his bare

assertion that the inconsistency between the declaration and the testimony should be attributed to his father's "extreme nervousness[] and medical issues" when testifying, which is unsupported by anything in the record, does not compel a contrary conclusion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [substantial evidence review], we must uphold the agency determination unless the evidence compels a contrary conclusion.").

2. Petitioner also contends that the IJ violated his due process rights by ignoring his father's written declaration. As explained above, however, the IJ *did* consider his father's declaration, but the IJ declined to credit the declaration because it was inconsistent with his father's live testimony—and substantial evidence supports the BIA's affirmance of that conclusion. Petitioner therefore has not shown that the agency prevented him from "reasonably presenting his case." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012).

3. Petitioner argues that the IJ failed to consider continuing his hearing as an alternative to removal. But Petitioner failed to exhaust any such claim in his appeal to the BIA, so we deny that portion of the petition. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

4. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 2) is otherwise **DENIED**.

**PETITION DENIED.**